Entered on Docket November 25, 2013

**Below is a Memorandum Decision of the Court.**



_____
**Paul B. Snyder**
**U.S. Bankruptcy Court Judge**
(Dated as of Entered on Docket date above)

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re: <br><br> DONALD G. HUBER, <br><br> Debtor. | **Case No. 11-41013** |
| MARK D. WALDRON, Trustee for the estate of Donald G. Huber, <br><br> Plaintiff, <br><br> v. <br><br> GARY DREYER and CONSTANCE DREYER, as individuals, as a marital community, and as Trustees to the DREYER FAMILY TRUST; CARLA BENNETT and JOHN DOE BENNETT, as individuals and as a marital community; GENEVIEVE JOHNSON and JOHN DOE JOHNSON, as individuals and as a marital community; and CAPITAL ONE BANK, a National Banking Association, <br><br> Defendants. | **Adversary No. 13-04267** <br><br> **MEMORANDUM DECISION ON MOTIONS FOR SUMMARY JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGMENT** <br><br> **NOT FOR PUBLICATION** |

This matter came before the Court on October 9, 2013, on the Motions for Summary Judgment filed by defendants Gary and Constance Dreyer, Carla Bennett, and Genevieve Johnson, and separately filed by Capital One Bank (USA), N.A. (collectively the "Defendants"), and the Cross Motion for Summary Judgment filed by Mark Waldron, Trustee for the estate of

MEMORANDUM DECISION ON MOTIONS
FOR SUMMARY JUDGMENT AND CROSS
MOTION FOR SUMMARY JUDGMENT - 1

**Below is a Memorandum Decision of the Court.**

Donald G. Huber (Trustee). The parties agreed to limit the issues for the Court's determination on summary judgment to one issue: On what date did the assets of the Donald Huber Family Trust become property of the estate pursuant to 11 U.S.C. § 541(a)?[1] The Court took the matter under advisement. Based on the pleadings and arguments presented, the Court's opinion is as follows:

The facts relevant to the issue before the Court are not in dispute.[2] In September 2008, Donald G. Huber (Debtor) created the Donald Huber Family Trust (Trust), in which he transferred substantially all of his assets, including several business entities. On February 10, 2011, the Debtor filed for bankruptcy protection under chapter 11, title 11. On October 21, 2011, the case was converted to chapter 7. On November 19, 2012, at the request of the Trustee, the Court entered an Order Granting Preliminary Injunction, preventing selected disbursements from the Trust. Adv. No. 12-04171, ECF No. 51.

On May 8, 2012, the Trustee filed an adversary proceeding against the Debtor and several other defendants alleging, among other claims, that the Debtor made transfers to the Trust in violation of § 548(e)(1), § 544(b)(1) and RCW 19.40.041(a), and RCW 19.36.020. On May 17, 2013, the Court entered an Order Granting Trustee Partial Summary Judgment, concluding that the Debtor's transfers of assets into the Trust were void under RCW 19.36.020 as transfers made into a self-settled trust. Adv. No. 12-04171, ECF No. 152. The Court also concluded that the Debtor transferred assets into a self-settled trust with actual intent to hinder, delay, or defraud creditors in violation of § 548(e)(1), and the Debtor fraudulently conveyed assets into the Trust in violation of § 544(b)(1) and RCW 19.40.041(a), the Washington State Uniform Fraudulent Transfer Act. The Trustee thereafter filed a motion requesting Alaska

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. § § 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[2] For a more comprehensive statement of facts, the Court incorporates those facts set forth in the Order Granting Trustee Partial Summary Judgment entered on May 17, 2013. Adv. No. 12-04171, ECF No.142.

MEMORANDUM DECISION ON MOTIONS
FOR SUMMARY JUDGMENT AND CROSS
MOTION FOR SUMMARY JUDGMENT - 2

**Below is a Memorandum Decision of the Court.**

U.S.A. Trust Company to turn over all assets of the Trust. The Court granted the Trustee's motion by order entered on July 16, 2013. Order Compelling Turnover, Adv. No. 12-04171, ECF No. 168.

The Trustee filed the current adversary proceeding on June 17, 2013, seeking to avoid unauthorized postpetition transfers from the Trust to the Defendants in violation of § 549(a). The transfers sought to be avoided allegedly were made between February 10, 2011, and October 2012.

A party seeking summary judgment bears the burden of demonstrating that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986). All inferences drawn from the evidence presented must be drawn in favor of the party opposing summary judgment, and all evidence must be viewed in the light most favorable to that party. Summary judgment should be granted if, after taking all reasonable inferences in the nonmoving party's favor, the court finds that no reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505 (1986).

In accordance with § 549(a)(1) and (2), the trustee may avoid a transfer of property of the estate that occurs after commencement of the case and is not authorized under title 11 or by the court. The parties agree that the key issue is whether the assets of the Trust transferred to the Defendants were "property of the estate" when the transfers occurred. It is undisputed that the transfers occurred prior to the Court's partial summary judgment determination on May 17, 2013. It is also undisputed that they occurred prior to the Court's order granting preliminary injunction on November 19, 2012. The dispositive issue is, did the Trust assets become property of the estate when the Court entered its Order Granting Trustee Partial Summary Judgment on May 17, 2013, or as of the bankruptcy filing date, February 10, 2011?

MEMORANDUM DECISION ON MOTIONS
FOR SUMMARY JUDGMENT AND CROSS
MOTION FOR SUMMARY JUDGMENT - 3

**Below is a Memorandum Decision of the Court.**

Under § 541(a)(1), property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Estate property also includes "[a]ny interest in property that the trustee recovers under section . . . 550," and "[a]ny interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551." § 541(a)(3) and (4). While federal law defines "property of the estate," state law determines the nature and extent of a debtor's interest in property. <u>Butner v. United States</u>, 440 U.S. 48, 54-55, 99 S. Ct. 914 (1979).

On May 17, 2013, the Trustee prevailed on its fraudulent conveyance claims under both federal and state law, thereby avoiding the Debtor's transfers of his assets into the Trust. The Trustee contends that upon avoidance of the transfers, the Trust assets became estate property as of the commencement of the case, in accordance with § 541(a)(1). The Defendants insist that the Trustee's interpretation renders § 541(a)(3) superfluous.

Two lines of cases have emerged on this issue. The majority view, espoused by the Second Circuit Court of Appeals (Second Circuit) in <u>FDIC v. Hirsch (In re Colonial Realty Co.)</u>, 980 F.2d 125 (2nd Cir. 1992), rejects the approach urged by the Trustee and adopted by the Fifth Circuit Court of Appeals (Fifth Circuit) in <u>American National Bank of Austin v. MortgageAmerica Corp. (In re MortgageAmerica Corp.)</u>, 714 F.2d 1266, 1275 (5th Cir. 1983). In <u>MortgageAmerica</u>, the Fifth Circuit determined that allegedly fraudulently transferred property is "property of the estate" before a trustee actually recovers such property. <u>Colonial Realty</u>, however, holds that allegedly fraudulent transfers do not become property of the estate until they are avoided:

> "If property that has been fraudulently transferred is included in the § 541(a)(1) definition of property of the estate, then § 541(a)(3) is rendered meaningless with respect to property recovered pursuant to fraudulent transfer actions." 101 B.R. at 305. Further, "the inclusion of property recovered by the trustee pursuant to his avoidance powers in a separate definitional subparagraph clearly reflects the congressional intent that such property is not to be considered property of the estate until it is recovered."

MEMORANDUM DECISION ON MOTIONS
FOR SUMMARY JUDGMENT AND CROSS
MOTION FOR SUMMARY JUDGMENT - 4

Colonial Realty, 980 F.2d at 131 (quoting In re Saunders, 101 B.R. 303, 305 (Bankr. N.D. Fla. 1989)). While the Ninth Circuit Court of Appeals (Ninth Circuit) has not ruled on this issue, bankruptcy courts within the circuit have followed the Second Circuit approach. See Murrietta v. Fehrs (In re Fehrs), 391 B.R. 53, 72 (Bankr. D. Idaho 2008) (finding the approach taken in Colonial Realty more persuasive); Barclay v. Swiss Fin. Corp. (In re Midland Euro Exch., Inc.), 347 B.R. 708, 718 (Bankr. C.D. Cal. 2006) (finding the reasoning of the majority more logical and defensible). Moreover, in the most recent circuit decision, Rajala v. Gardner (In re Generation Resources Holding Co., L.L.C.), 709 F.3d 1031, 1039 (10th Cir.), cert. denied sub nom. --S.C.--, 2013 WL 2903501 (2013), the Tenth Circuit Court of Appeals (Tenth Circuit) adopted the Colonial Reality majority view, finding it consistent with the statute's plain meaning and abiding by the rule against surplusage.

The Court concludes that the approach taken by the Second Circuit in Colonial Realty and its progeny is more persuasive.[3] As did the bankruptcy courts in Fehrs, and Midland Euro Exchange, and the Tenth Circuit in Generation Resources Holding, this Court agrees that the reasoning of Colonial Realty is more logical and consistent with the statutory language. The case of Cutter v. Seror (In re Cutter), 398 B.R. 6 (9th Cir. BAP 2008), cited by the Trustee, is not persuasive, as that case did not address the issue squarely before this Court: *when* do assets recovered by a trustee become assets of the estate under § 541? Furthermore, with respect to the Trustee's argument under RCW 19.36.020, the Cutter court relied on California State, not Washington State, law in determining that trust assets were property of the estate under § 541(a)(1). Thus, for purposes of the fraudulent conveyance actions, the Court

---

[3] This approach also is consistent with that taken by the Washington State courts, which have held that in Washington, a fraudulent conveyance is voidable, not void. Curtiss v. Crooks, 190 Wash. 43, 61 (1937). Furthermore, while the state statute codifying the UFTA is silent on this issue, the statute authorizing the remedies, RCW 19.40.071, permits a creditor to "obtain avoidance" of a transfer.

MEMORANDUM DECISION ON MOTIONS
FOR SUMMARY JUDGMENT AND CROSS
MOTION FOR SUMMARY JUDGMENT - 5

Below is a Memorandum Decision of the Court.

1  concludes that the Trust assets did not become property of the estate until the Court's order
2  avoiding the transfers was entered on May 17, 2013.

3      This does not end the Court's inquiry, however, as the Court also previously concluded
4  that the transfers were void under RCW 19.36.020. This statute provides in relevant part as
5  follows: "That all deeds of gift, all conveyances, and all transfers . . . made in trust for the use
6  of the person making the same, *shall be void as against the existing or subsequent creditors of*
7  *such person.*" RCW 19.36.020 (emphasis added). As the parties have recognized, the issue is
8  the meaning of "void" with respect to determining *when* the Trust assets became property of
9  the estate under § 541. The Defendants argue that like the fraudulent transfer statutes, RCW
10 19.36.020 is not self-executing, but rather "void" is read as "voidable," requiring a creditor to
11 take action to recover transferred property. Conversely, the Trustee asserts that the word
12 "void" used in the statute and by this Court in its May 17, 2013 order can only mean that legally
13 the transfers are presumed never to have occurred and, consequently, the Trust assets
14 necessarily belonged to the Debtor as of the commencement of his bankruptcy case. As this is
15 a state statute, the Court must analyze state law to determine the Debtor's interest in the Trust
16 assets as of the filing of the bankruptcy.

17     In support of their position, the Defendants rely on <u>Associates Housing Finance L.L.C.</u>
18 <u>v. Strewick</u>, 120 Wn. App. 52 (2004), wherein the Washington State Court of Appeals
19 examined whether a fraudulent conveyance is void at its inception rather than by judgment. In
20 determining that it is voidable, the appellate court examined the difference between "void,"
21 which means "'[o]f no legal effect[,] null,'" and "voidable," which means "'[v]alid until annulled.'"
22 <u>Assocs. Housing</u> 120 Wn. App. at 59 (quoting Black's Law Dictionary 1568 (7th ed. 1999)).
23 The court noted that even when a statute specifically provides that fraudulent conveyances are
24 void, the courts have held "void" to mean "voidable." <u>Assocs. Housing</u>, 120 Wn. App. at 60
25 (citing <u>Baldwin v. Burton</u>, 850 P.2d 1188, 1192-93 (Utah 1993); <u>In re Nowicki</u>, 202 B.R. 729,

MEMORANDUM DECISION ON MOTIONS
FOR SUMMARY JUDGMENT AND CROSS
MOTION FOR SUMMARY JUDGMENT - 6

735-36 (Bankr. N.D. Ill. 1996)). The court set forth the following general rule of construction: "'[W]hen an act is void as to persons who have an interest in impeaching it, the act is not utterly void, but merely voidable.'" Assocs. Housing, 202 B.R. at 60 (quoting Baldwin, 850 P.2d at 1193). Accordingly, the state appellate court explained that some action must be taken by the creditor in order to render a transfer void.

Other jurisdictions have also adopted this interpretation. See, e.g., Wagner v. United States, 573 F.2d 447 (7th Cir. 1978) (where the Seventh Circuit Court of Appeals (Seventh Circuit) applied the above general rule of construction in interpreting a state statute to determine whether a taxpayer had an interest in property so that it was subject to levy). In Wagner, the Seventh Circuit stated that under "well-established general law," "when an action is not 'valid,' indeed, even when it is statutorily described as being 'void,' the proper construction is that the action is 'voidable at the option of one of the parties or some one legally interested therein.'" Wagner, 573 F.2d at 451-52 (quoting Doney v. Laughlin, 50 Ind. App. 38, 94 N.E. 1027, 1028 (1911)). The Seventh Circuit further explained this general rule in an excerpt from Mutual Benefit Life Insurance Co. v. Winne, 20 Mont. 20, 49 P. 446, 499 (1897):

> "Whenever the act done takes effect as to some purposes, and is void as to persons who have an interest in impeaching it, the act is not a nullity, and therefore, in a legal sense, is not utterly void, but merely voidable. Another test of a void act or deed is that every stranger may take advantage of it, but not of a voidable one."

Wagner, 573 at 452.

The Associates Housing case is a clear statement by the Washington State Court of Appeals that it adopts the general law of construction as set forth above regarding the meaning of "void" when, by statute, an act is "void" as to persons who have an interest in impeaching it. The Trustee has not presented any authority contradicting application of this general rule of construction to Washington State statutes.

MEMORANDUM DECISION ON MOTIONS
FOR SUMMARY JUDGMENT AND CROSS
MOTION FOR SUMMARY JUDGMENT - 7

The plain language of RCW 19.36.020 limits its application to "existing or subsequent creditors of such person," so that not every person or entity may enforce the statute. The Court concludes that applying the general rule adopted by Washington courts, "void" as used in RCW 19.36.020 means "voidable," thereby requiring the Trustee to take action to render the Debtor's transfers of his assets into the Trust void. Accordingly, the Trust assets did not become "property of the estate" until the Trustee prevailed on his summary judgment motion on May 17, 2013.

/// End of Memorandum Decision ///